UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM D. BENNET, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-4539** |
| **FARMERS INSURANCE EXCHANGE** | **SECTION I/5** |

## ORDER AND REASONS

Before the Court is a motion to quash jury demand filed on behalf of defendant, FARMERS INSURANCE EXCHANGE, ("Farmers").[1] Plaintiffs in this matter are William D. Bennet and Sherylann S. Bennet ("the Bennets"). For the following reasons, defendant's motion is **GRANTED.**

## BACKGROUND

The Bennets filed this lawsuit against Farmers in the United States District Court for the Eastern District of Louisiana on August 27, 2007, alleging Farmers issued both wind and flood policies[2] and owes them payment for flood and wind damage caused by Hurricane Katrina.[3]

Farmers is a dual capacity defendant in this lawsuit serving both as a homeowner's insurance carrier and as a Write-Your-Own ("WYO") flood insurance provider. Farmers, as a WYO Program carrier, participates in the National Flood Insurance Program (NFIP), administering flood insurance policies such as the Bennets'.[4] In its capacity as a homeowner's

---

[1] Rec. Doc. No. 23.

[2] Rec. Doc. No. 1, p. 2, para. 6; p. 3 para. 7.

[3] Rec. Doc. No. 1, p. 3, paras. 10, 11.

[4] Rec. Doc. No. 23.

insurance carrier, Farmers requested a jury trial.[5] However, in its capacity as a WYO Program carrier, Farmers filed this motion to quash jury demand on July 30, 2008. No opposition has been filed.

## LAW AND ANALYSIS

The Seventh Amendment to the United States Constitution provides for the right to trial by jury in suits at common law where the amount in controversy exceeds twenty dollars. U.S. CONST. amend. VII. However, the United States Supreme Court has held that this right does not apply to actions against the United States Treasury. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed. 2d 548 (1981).

The Federal Emergency Management Agency ("FEMA") operates the NFIP, and in doing so, uses private insurance companies known as WYO carriers to issue flood insurance policies. *Wiedemann v. Harleysville Mut. Ins.,* No. 06-4723, 2006 WL 3462926, at *1 (E.D. La. Nov. 28, 2006). The federal government, however, funds the NFIP, covering the "cost incurred in the adjustment and payment of any claims for losses." 42 U.S.C. § 4017 (d)(1). As participants of the WYO Program, these insurance companies act as "fiscal agents of the United States." 42 U.S.C. § 4071 (a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir. 1998). A suit against a WYO flood insurance provider is "the functional equivalent of a suit against FEMA." *Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 166-67 (3d Cir. 1998). Additionally, a judgment against a WYO Program carrier constitutes "a direct charge on the public treasury." *Aetna,* 143 F.3d at 955 (quoting *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1986)).

This Court has previously concluded that jury trials are unavailable in matters involving

---

[5]Rec. Doc. No. 13, p. 3, para 13.

WYO Program carriers. *See, e.g., Davis v. American Sec. Ins. Co.,* No. 07-4158, 2008 WL 170697 (E.D. La. Jan. 17, 2008)(Lemmon, J.); *Leach v. Ameriquest Mortgage Servs.,* No. 06-1981, 2007 WL 2668888 (E.D. La. Sept. 6, 2007)(Barbier, J.); *Welch v. State Farm Fire & Cas. Co.,* No. 06-5130, 2007 WL 2903049 (E.D. La. Sept., 27, 2007)(Berrigan, J.). Because Farmers, in its capacity as a WYO Program carrier, is a fiscal agent of the United States, there is no right to trial by jury on the flood claims in this case.

Accordingly,

**IT IS ORDERED** that Farmer's motion to quash jury demand[6] with respect to any flood claims is **GRANTED.**

New Orleans, Louisiana, September 26th, 2008.

                                                             _____
                                                             LANCE M. AFRICK
                                                             UNITED STATES DISTRICT JUDGE

---

[6] Rec. Doc. No. 23.